Good afternoon, Your Honors. Miriam Zarekny Casper, representing the City of Chicago in these cases. All right. Will you keep your voice up nice and loud, Ms. Casper? Sure. That will not amplify it, but it will record it. Yes. We want you to do as well. Thank you. All right. Thank you, Your Honors. May it please the Court. Under the substitution of judge statute, each party shall be entitled to one substitution of judge without cause as a matter of right, and such a motion shall be granted as long as two conditions are met. It is presented before trial or hearing begins, and it is presented before the judge has ruled on a substantial issue. In each of these ten cases, the City filed motions to substitute pursuant to this provision. All of the motions were presented before trial or hearing began, and all were presented before the judge made any ruling on a substantial issue. Because the statutory conditions were satisfied, it was mandatory that the motions be granted. They were not. You know, I just had a question. Sure. The text is an order dated December 14th. Now, the order is December 13th. Yes. It's being appealed from N1 in January. Right. But what does this have to do – is this even a case that's on appeal? That is not one of the cases on appeal. Okay. Let me speak to you about it. Okay. The reason it's there is because on January 11th, the judge referred to an order that he had issued in some other cases that – at a different time. And he said, I think your office has that order. Do you have it? Share it with your colleagues. And we – Okay, so that's the order he was referring to, not the half-sheet order or whatever it was that was added on the 13th. Right. Although they're pretty much the same. Well, the order entered on the 13th. Except for the fact that it was transferred. I'm sorry. Go ahead. Right. That includes the language about transferring them for a hearing on a substitution for cause. Was it a substitute for cause on the 14th, or he just treated it that way? It was not. None of them was, Your Honor. He just treated the one on the 14th as for cause. He treated all the other ones as of right, but denied them the as of right ones. Some were denied just on their terms as of right, and the ones that were involved in the case with that order in our appendix were transferred to be heard on a hearing for a cause. But all the ones involved in these appeals were flat-out denied. Our understanding of the reference to that order was for the reasons that he gave, which anyway match the reasons he gave on December 13th in open court. Okay. So let's go through. So you say, and I think there's case law that supports it, trial hadn't started because even though it was the day of trial, no witnesses had been called. Right. And the motion was filed prior to the hearing. But presented the day of trial. Yes. It was set for hearing on the same day that the motion was set for hearing. Okay. That's the administrative review. And because it was set for the same day that the trial, it was set for presentment on that day, would there have been a way to have granted that motion and still gone forward with the trial that day? And how would that happen? Not before that judge. No, I understand. Not before that judge. But is there a mechanism where it can be transferred to a different judge and gone ahead and tried that day? All those cases. Yeah, I'm not aware of that, Your Honor. And we cannot speak to how the circuit court might have handled it had the motions been granted. But the statute simply provides that every litigant is entitled to one substitution per case. And we are simply asking that the plain language of the statute be applied. Okay. But in addition to the two specific things in the statute, which are trial has begun or a substantive ruling has been made, we have also recognized that an SOJ should be denied when there's been a testing of the waters, which I don't think there's any suggestion that that's here. That's right. Or when the purpose of the motion is to delay or avoid trial. Right. So I'm focusing on the delay or avoid trial. Sure. Okay. And I'm saying to you, isn't the inevitable result of you presenting it for the first time the day of trial that the trial is going to be delayed or possibly avoided? And that is certainly a possibility in any case where a litigant brings a motion for substitution of judge. There is no guarantee that every day. On the day of trial, though. Right. On the day. It's not presented. There's no way it can be ruled on until the day that it's set for trial. Correct. You may have followed it a few days before, but there's no presentment of it until the day of trial. That's the first day it can get ruled on. Correct? Correct. And that day, could it have been granted and the trial gone ahead? And again, I cannot speak to exactly. I can't answer that yes or no or how the circuit court might have handled that. These are relatively brief hearings, and perhaps another judge could have come to speed by that afternoon. I'm not, I can't speak to how the court might have handled that. I will add, though, that there is no evidence, unless what your Honor is proposing would be evidence. But certainly, I'm not a witness. No, I'm just saying the act of filing it on, you know, for a hearing that day, it was the first time possible we could have brought it where. Why? Because. You had been there. You'd set the trial date. You did the CMC order. You'd been in the case for months in most of these cases. Why was that the first day you could have presented that motion? Well, I believe that the court actually sets the entire schedule. I believe that the CMC orders are all entered by the city in these cases. That the order setting the trial dates are actually drafted by the city attorney. You filed the records. You filed your appearance at least, I believe, 30 days in advance of each of these cases. Sometimes over 100 days in advance. Why could you not have presented this motion long before the day of trial? Well, perhaps it could have been filed sooner. But the point is, even the circuit court judge did not find that the motions were brought for purpose of delay. That there were other findings made and that was not one of them. And certainly when the courts have denied, have affirmed denials of motions for SOJ as a matter of right, and you can look at the Chicago Transparent Products case for this, there's a clear attempt at delay. And what they look at is multiple motions for continuance, one after another, waiting. And then once that's denied, then going forward with a motion for substitution. There's never a case with facts like this one where the courts have held that it's appropriate to deny a motion for substitution based on the timing of the filing. Unless it's, you know, after the judge has made a substantial error. Is there a case where, and I know there's cases where it's close to trial, but are there cases where we've said you still have an SOJ for a motion that's presented the day of trial? I'm not aware of any case like that. Just as a mechanical question about the 11th floor, maybe you can't answer this. Do all of these cases go to Judge Murray? My understanding is that he handles the intake for them and then they are distributed between probably four judges with Judge Murray handling the vast majority of them himself. That's my understanding. Yeah. I'll give you a note. Go ahead. You just said to Justice McQuade that Judge Murray did not make a finding that these motions were being filed to delay the trial. Right. What findings did he in fact make? So in court he stated that the city's motion was not in good faith, disingenuous, a fraud on the court, and an intrusion on the judicial branch of government or its administrative authority. And, you know, with respect, there was no evidence to support any of those assertions, any of those findings. Let's talk about the last one because you're familiar, I assume, with the Varsavik case, right? Yes. Where the state's attorney kept S.O.J. the same criminal court judge. Yes. And why, in your view, is that not applicable? That is not applicable for several reasons, Your Honor. In that case, the state's attorney was – first of all, the first difference is that that case was brought under a prior version of this statute. Under the prior version, the movement was required to state that the judge was prejudiced. And in certain circumstances, the courts were permitted to look behind that allegation of prejudice. Was it the same statute? I mean – Yes. It was the same – Because it was a criminal – Right. There was a following case, Dominique F., that involved another statute. But what they had in common is once you made an allegation of prejudice, the right was absolute. And the judges – or the courts were not permitted to look behind the assertion of prejudice. But in the Barachevik case, however – I think that's a better pronunciation than I am. Okay. The court explained that, you know, if there's reason to believe, if there's some prima facie showing that that assertion of prejudice is not sincere, then you can go behind the assertion. Now, in our case, we have a different statute that does not require any cause, any reason, any statement of reason. So – That are great. Correct. And another difference between our case and that case is that there, the court believed there was a concern about the separation of powers. Because the state's attorney, it explained, was part of the executive branch of state government. And it was too much of an intrusion on the judicial branch. And that was considered to be a problem of separation of powers. But in the following case, in the Dominique F. case, the court explained, in the context of the public guardian, who it said was not part of the state government – No, what they said is the public guardian was actually appointed by the chief judge. So it's actually part of the judicial branch. But nevertheless, there was no separation of problems. Powers problem there. No more can there be here with the city as not even – Part of the same government. Part of the same government. That's correct. But it is arguably an attempt to get a judge unassigned from a specific assignment. If you SOJ that judge in every case – and the city is on every one of these cases, right? Right. But if the city SOJs the judge who the chief judge assigns to those cases, what is the chief judge to do? Again, you know, I can't speak to how the court would handle that administratively. We are simply asking for an application of the plain language of the statute to be able to – to be able to exercise the same rights that other litigants have to one SOJ per case. Am I correct that the city is on every one of these cases? That's mainly yes. Well, I think the other question is whether or not the city is actually SOJing Judge Murray on all of these cases. Is that happening right now? Right now, the motions, my understanding, are not being filed. They were. They were, but we decided to take the appeal rather than, you know, burden this court with, you know, hundreds of appeals. We stopped at, you know, ten. But, yes. They weren't being filed in a wholesale kind of way? They were. One was being filed per case, just like the statute permits. Oh, I understand. And they were being filed in, you know, most all of the cases, including in other courtrooms as well. And in building courts and things like that, not just in administrative review. These all happen to be the administrative review. So they were being filed on Judge Murray in every one of his cases? Right. Essentially. That the city was on. Right. And there may be a problem there in terms of the third finding that Judge Murray made. Whether or not it is an intrusion to SOJ the same judge on all of these cases. Well, Your Honor, we keep running back into the plain language of the statute. And how the courts might go about, you know, making any reassignments, if that's what the chief judge, you know, determines is required. Then we don't, we can't speak to that. But, you know, this is a large circuit court. And perhaps there would be a way for the chief judge to handle that appropriately. But we cannot speak to how that would occur. You know, and as I stated, there's the only kind of intrusion the Supreme Court has spoken to is the kind involving the separation of powers. And we don't have that issue here when the city is not even a part of the state government at all. And in Dominique F., I wanted to add that the state, the public guardian, excuse me, had filed 55 motions, or more than 55 actually, against the same judge. And the court, the Supreme Court there, you know, rejected the argument on the other side that that was bad faith, rejected the idea that, you know, said that just because there might be a disruption in the courts, that's not a reason to deprive the public guardian of the statutory right involved in that case. I don't know if we have the complete record, because the record seems to be void of this. But was there any discussion regarding the possibility of the trials being delayed? No. But we provided the trace record. You're saying there was nothing. No, there's nothing. Right. And the motions to continue were filed. There was no discussion of that and no finding made. These were the only findings that were made. And just to quickly speak to the other ones, you know, not in good faith or disingenuous fraud on the court, it's difficult to know what that would look like in the context of a statute that requires no reason to be stated and no explanation to be given. But regardless, the first finding was no good cause, which is what we meant by requiring a statute. My understanding was the first was not good faith. Not good faith. Right. And which, again, it's difficult to know when the statute doesn't require any justification at all what exactly that would look like. But, again, we would just like to emphasize that the statute does allow one motion per case to be brought as long as the conditions are met and there's no evidence that it's for purposes of delay, not that it would perhaps cause a delay even if a short one, but that's the reason for the motion is it's for purposes of delay. And we certainly have no evidence of that. We can infer, Meredith, when the only possible result is that it will be delayed. But you're saying there's not even a record of that. There's not a record of that, and there's not a record that that wouldn't happen in many cases, that the litigant would exercise a statutory right in whatever court they're in. There's no judge available, again, for several days or a month. We just have no idea that this case would be any different than any other case in terms of the effect of the exercise of the unfettered right under the statute. And I actually do see this as being in Cook County as different. First of all, these are very simple issues. And if you were downstate with one judge in the entire county and you did an SOJ on the day of the trial, of course the only thing you can do is delay it to have another judge to come in to the county to hear the case. But in Cook County, it is a bit different because there are another 200 judges sitting in the daily separate. Right. And probably another 20 of them in the first community who could actually hear this trial. I do believe that. So I'm not sure that there's a delay. Right. When a motion is granted. Well, it would certainly seem that it would be easier to administer in a court like the Cook County Circuit Court. Yes, I agree, Your Honor. I'm Judge Walker. We'll both get this case. I wasn't. Anything else? If Your Honor said no. Anything else? No, we would simply ask that the judgments be reversed and the case remanded for consideration before a different judge. Thank you for your time. Yes. So the result would be what, actually, if we did that? We'd reverse these judges so their administrative hearing findings would be reinstated and they would have to come back in and appeal those to a new judge. Is that correct? They would have to come back in and the hearings would have to occur before another judge. That's correct because under the court's cases, all the rulings that are made after an improper denial of a substitution of judge motion, they're all null and void. Okay. Thank you very much. Thank you. I think this court is in recess.